IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY J. BROWN,

                Plaintiff,

v.

JON E. LITSCHER, JAMES GREER,
MICHAEL A. DITTMAN, JAMIE GOHDE,
TRISHA ANDERSON, S. SCHMIDTKNECHT,
PAMELA SCHMIDT, D. MORGAN,
MARGARET KIECA, LINDA O'DONOVAN,
GLORIA MARQUARDT, WELCOME ROSE,
and CINDY O'DONNELL,

                Defendants.

ORDER

17-cv-575-wmc

---

    *Pro se* plaintiff Larry J. Brown filed this civil lawsuit pursuant to 42 U.S.C. § 1983, claiming that defendants violated his constitutional rights for their part in denying him a lower bunk restriction between 2015 and 2017. For reasons explained below, leave to proceed with his lawsuit must be denied under the Prison Litigation Reform Act, which imposes certain conditions on the privilege of proceeding without paying the full filing fee up front.

    In particular, under the "three-strikes rule" set forth in 28 U.S.C. § 1915(g), if three or more of a prisoner's civil actions or appeals have already been dismissed while imprisoned as frivolous, malicious, or for failure to state a claim upon which relief may be granted, that prisoner is not allowed to bring a civil action in federal court without first paying the full filing fee. The sole exception to this rule is if the plaintiff's pleadings show that he is in imminent danger of serious physical injury.

On at least three occasions, Brown brought actions that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Brown v. Johnson*, No. 94-cv-489 (W.D. Wis. July 1, 1994); *Brown v. Lang*, No. 95-cv-695 (W.D. Wis. Oct. 3, 1995); *Brown v. Husz*, No. 97-cv-129 (W.D. Wis. Feb. 28, 1997). Therefore, he cannot proceed *in forma pauperis* in this case unless the court concludes that his allegations show that he is in imminent danger of serious physical injury. To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).

While plaintiff alleges that he suffered pain and discomfort based on defendants' denial of a his lower bunk request between 2016 and 2017, plaintiff does not allege that he is still in need of the lower bunk restriction, nor would such an inference be reasonable, given that he alleges that a nurse renewed his lower bunk restriction on March 19, 2017 (Compl. (dkt. #1) at 15), and his request for injunctive relief does not relate to his desire for a lower bunk restriction, but to his assumption that he may be retaliated against for filing this lawsuit (dkt. #2). Because Brown has not shown that he is in imminent danger of serious physical injury, he may not proceed with this action without prepayment of the full $400 filing fee under § 1915(g).

ORDER

IT IS ORDERED that:

1) Plaintiff Larry Brown's motion for leave to proceed (dkt. # 2) is DENIED pursuant to 28 U.S.C. § 1915(g). To proceed with his claims, Brown must submit the full filing fee of $400 by April 3, 2019. **If he fails to comply as directed within the time allowed, this case will be dismissed without further notice pursuant to Federal Rule of Civil Procedure 41(b).**

2) Plaintiff's motion for preliminary injunction (dkt. #2) is DENIED.

3) Plaintiff's requests for the whereabouts of defendants (dkt. #8) and to stay this matter (dkt. #9) are DENIED.

Entered this 14th day of March, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge