IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY J. BROWN,

                                Plaintiff,                           ORDER

    v.

                                                                   17-cv-575-wmc

JON E. LITSCHER, JAMES GREER,
MICHAEL A. DITTMAN, JAMIE GOHDE,
TRISHA ANDERSON, S. SCHMIDTKNECHT,
PAMELA SCHMIDT, D. MORGAN,
MARGARET KIECA, LINDA O'DONOVAN,
GLORIA MARQUARDT, WELCOME ROSE,
and CINDY O'DONNELL,

                                Defendants.

---

LARRY J. BROWN,

                                Plaintiff,                           ORDER

    v.

                                                                   18-cv-131-wmc

LINDSAY WALKER, TIM DETERS,
L. WOOD, M. NAVARRO, TRISHA
ANDERSON, C/O CHATMAN, C/O
GWEN SCHULTZ, C/O CICHANOWICZ,
and C/O LUCAS WEBER,

                                Defendants.

---

*Pro se* plaintiff Larry J. Brown filed these civil lawsuits pursuant to 42 U.S.C. § 1983. In Case No. 17-cv-575 (the "'575 case"), he claims that defendants violated his constitutional rights for their part in denying him a lower bunk restriction to address his various musculoskeletal disorders between 2015 and 2017. In Case No. 18-cv-131 (the "'131 case"), he claims that defendants denied him a recovery bed after surgery in July

2017 for a hiatal hernia in violation of his rights under the Eighth Amendment, and that the denial of the bed was in retaliation of his earlier complaints about deliberate indifference to his chest and stomach pain. In both cases, the court denied Brown leave to proceed without payment of the full $400 filing fee, pursuant to 28 U.S.C. § 1915(g), which sets forth that if three or more of a prisoner's civil actions or appeals have already been dismissed while imprisoned as frivolous, malicious, or for failure to state a claim upon which relief may be granted, that prisoner is not allowed to bring a civil action in federal court without first paying the full filing fee. Specifically, the court concluded that: (1) on at least three occasions, Brown had brought actions that were dismissed as frivolous, malicious or failed to state a claim, and (2) none of his allegations supported an inference that he is in imminent danger of serious physical injury. (No. 18-cv-131, dkt. #7; No. 17-cv-575, dkt. #10.) Accordingly, the court gave Brown until April 3, 2019, to submit the full $400 filing fee in both cases. Rather than paying the full filing fee in either case, Brown filed motions for reconsideration (No. 18-cv-131, dkt. #8; No. 17-cv-575, dkt. #11), which will be denied.

In his identical motions, Brown does not attempt to contradict the court's findings that § 1915(g) applies to both lawsuits, nor does he take issue with the court's finding that he failed to allege facts suggesting that he is currently in imminent danger of serious harm. Instead, Brown claims that the court should have consolidated both the '131 and '575 cases with Brown's ongoing case, *Brown v. Thorne*, No. 17-cv-073 (W.D. filed Feb. 1, 2017) (the "'073 case"). In the '73 case, the court found that Brown satisfied the imminent danger showing as to one Eighth Amendment claim related to defendants' allegedly

ongoing failure to heed the University of Wisconsin specialists' recommended accommodations for Brown's hiatal hernia. *Id.*, dkt. #17, at 5-6. However, the court denied Brown leave to proceed without prepayment of the $400 filing fee on any other claim, since his other claims did not suggest that he was otherwise in imminent danger of serious harm. *Id.* at 6.[1]

Brown insists that consolidation is appropriate because the events from all three complaints arose during the same period of time. That much is true, and the court further observes that these three cases have a few common defendants and generally relate to how prison officials have handled his various medical needs. Nonetheless, the court declines to exercise its discretionary authority to consolidate these actions, *see* Fed. R. Civ. P. 42(a), because the fact remains that all of Brown's proposed claims in the '131 and '575 cases involve *past* harm related to those medical issues, with no suggestion that at the time he filed the complaint he faced imminent danger of serious physical injury. Therefore, even if the court consolidated the cases, Brown would have *only* been allowed to proceed without paying the full filing fee on the specific claim from the '73 case that *at the time he filed his complaint*, Brown was not receiving appropriate accommodations for his hiatal hernia. *See Ciarpaglini v. Saini*, 352 F.3d 328 (7th Cir. 2003) (to meet the imminent danger requirement of § 1915(g), the danger must be "imminent or occurring at the time the complaint is filed,"). Accordingly, the court will not consolidate these three cases, and will

---

[1] At Brown's request, that matter has been stayed pending his June 2019 release from incarceration. *See Brown*, No. 17-cv-73, dkt. #39. Even though this indicates that Brown is no longer in imminent danger, this claim has not been rendered moot. *Ciarpaglini*, 352 F.3d at 330 (finding that § 1915(g) does not limit claims to prospective relief, and instead requires the court to determine whether the plaintiff may proceed *in forma pauperis*).

3

deny Brown's motions for reconsideration. Finally, the court will dismiss cases '181 and '575 without prejudice, due to Brown's failure to pay the filing fee by the April 3, 2019, deadline.

ORDER

IT IS ORDERED that:

1) Plaintiff Larry Brown's motions for reconsideration (No. 18-131, dkt. #8; No. 17-cv-575, dkt. #11) are DENIED.

2) Since Brown has failed to pay the full filing fee as required under 28 U.S.C. § 1915(g) to proceed, both of these actions are DISMISSED without prejudice.

3) The clerk's office is directed to close these cases.

Entered this 15th day of April, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge